IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                            No. 10-40027-01-SAC

KACIE RENAE STIMATZE,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to continue the dates of the motions hearing and the trial for approximately 90 days and for the court to find that based on the voluminous discovery and ongoing plea negotiations the need for a continuance outweighs the interest of the public and the defendant in a speedy trial, as set out in 18 U.S.C. § 3161(h)(7). (Dk. 11). The motion states the government has no objection to the continuance.

The Speedy Trial Act ("STA"), 18 U.S.C. § 3161, *et seq.*, principally requires a federal criminal trial to commence within 70 days of the filing of the information or indictment or from the defendant's initial appearance, whichever occurs last. 18 U.S.C. § 3161(c)(1). "[T]he Act was designed not just to benefit defendants but also to serve the public

interest." *Zedner v. United States*, 547 U.S. 489, 501 (2006). To accommodate the expected differences in criminal cases and the varying valid reasons for longer pretrial periods, the STA excludes delays attributable to certain events and circumstances. *See, e.g.*, 18 U.S.C. § 3161(h)(1)(A)-(H).

Based on the defendant's motion, the exclusions relevant here concern continuances for the filing of pretrial motions and in furtherance of the ends of justice. In *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 913-14 (10th Cir. 1989), the Tenth Circuit added to the non-exclusive list of automatic tolling exclusions under § 3161(h)(1) the defendant's extension of time to file pretrial motions. *See United States v. Medrano*, 2009 WL 4547801, at *2 (10th Cir. Dec. 7, 2009). In that the defendant here seeks to extend the deadline for filing pretrial motions, the court could have relied on that exclusion and summarily granted the defendant's motion when it was filed. In the meantime, the Supreme Court has decided *United States v. Bloate*, 534 F.3d 893 (8th Cir. 2008), *rev'd,* ---U.S.---, 2010 WL 757660 (Mar. 8, 2010), holding that the time to prepare pretrial motions is not automatically excludable but excludable only upon an ends of justice continuance. Because this *Mobile Materials* exclusion is no longer

available in this circuit, parties and courts will be looking only at the ends of justice continuance when defendants seek more time to prepare pretrial motions. *See Bloate*, ---U.S.---, slip op. at 14, 2010 WL 757660, at *8 ("Our determination that the delay at issue here is not automatically excludable gives full effect to subsection (h)(7), and respects its provisions for excluding certain types of delay only where district court makes findings justifying the exclusion." (footnote omitted)).

The ends of justice continuance has been the topic of recent decisions which have framed the operation of this continuance and emphasized the applicable procedural requirements. "Much of the Act's flexibility is furnished by § 3161(h)(8)[1], which governs the ends-of-justice continuances." *Zedner*, 547 U.S. at 497. This provision "was plainly meant to cover many of" the defendant's continuance requests. *Id*. at 500. This exclusion is not to function as the defendant's mere waiver of the STA, but rather, the defendant must put forward sufficient reasons for the requested continuance that the court must consider and balance among the relevant factors. *Id*. The STA requires the court to make a record, orally or in writing, of "its reasons for finding that the ends of justice served by granting

---

[1]This provision is now codified as § 3161(h)(7).

of such a continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Supreme Court in *Zedner* characterized the operation of the ends-of-justice continuance in these terms:

> The exclusion of delay resulting from an ends-of-justice continuance is the most open-ended type of exclusion recognized under the Act and, in allowing district courts to grant such continuances, Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases. But it is equally clear that Congress, knowing that the many sound grounds for granting ends-of-justice continuances could not be rigidly structured, saw a danger that such continuances could get out of hand and subvert the Act's detailed scheme. The strategy of § 3161(h)(8), then, is to counteract substantive openendedness with procedural strictness. This provision demands on-the-record findings and specifies in some detail certain factors that a judge must consider in making those findings.

547 U.S. at 508-09.

Tenth Circuit precedent on the ends of justice continuance is in step with this procedural strictness:

> "Th[e] [ends-of-justice] exception to the otherwise precise requirements of the Act was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989) (quotation omitted). The requirement that the district court make clear on the record its reasons for granting an ends-of-justice continuance serves two core purposes. *Id*. It both ensures the district court considers the relevant factors and provides this court with an adequate record to review. *Id*. "Failure to address [the reasons] on the record creates the unnecessary risk of granting continuances for the wrong purposes,

4

and encourages overuse of this narrow exception." *Id*. Thus, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *Gonzales*, 137 F.3d at 1433. "In setting forth its findings, however, the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself." *United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993) (quotation omitted). While the preferred practice is for the district court to make its findings on the record at the time the continuance is granted, findings made contemporaneously with the granting of the continuance may be entered on the record after the fact if done before the court rules on a defendant's motion to dismiss. *Zedner v. United States*, 547 U.S. 489, 506-07 & n. 7 (2006).

*United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009). In *Toombs*, the court clarified and emphasized that the record must not only identify the circumstances or events offered for the continuance but it must explain how they have created the need for additional time:

> Our decisions in *Williams* and *Gonzales* indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35. A record consisting of only short, conclusory statements lacking in detail is insufficient. For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35. Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35.

5

*Toombs*, 574 F.3d at 1271-72 (footnote omitted).

Since *Toombs*, this court's practice has been to inform the parties of *Toombs* through orders to show cause and to encourage compliance with these requirements either in writing or at a hearing. While the criminal bar's motion practice has improved, it still lags the court's expectations based on *Toombs*. The court consequently offers the following as some of the factors and inquiries that should be considered and addressed in the more common continuance motions.

Nearly every motion should discuss the nature of the case. Is it "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the [statutory] time limits?" 18 U.S.C. § 3161(h)(7)(B)(i). In many instances, the nature of the case will offer a contextual backdrop for evaluating a party's reasons for requesting the continuance and assessing the reasonableness of expecting this case to be prepared and ready for trial within the standard time frames.

Frequently requested grounds for continuances are voluminous discovery and recently produced discovery. Besides the nature of the

case, the court should be informed of the specific circumstances showing that without the continuance the movant would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Such information should include a general, but meaningful, description of the nature, relevance and importance of the discovery and "the nature of the further investigation allegedly required." *See Toombs*, 574 F.3d at 1272. The details and specifics provided in this information must show why the particular request of time is necessary and reasonable. The court should be equipped with enough to say that the time requested is consistent with the exercise of due diligence. The court also should be assured that counsel has been preparing the case and that the continuance request is not the result of counsel's lack of diligent preparation. In light of *Toombs*, it is insufficient for a movant to rely on conclusory terms like "voluminous," "substantial," "significant" or "extensive." Instead, the record must offer a sufficient description about the amount and nature of the evidence,[2] as well as its

---

[2]The defendant's motion characterizes the discovery as "voluminous, consisting of approximately 50 compact disks worth of information." (Dk. 11, p. 1). This general description does indicate quantity, but it does not indicate what kinds or the formats of information found on the disks. For that matter, the court is without a basis for considering the manner or detail with which this information will need to be reviewed or the investigation that

connection to the charges, that a court may determine whether the requested additional time is necessary and reasonable for counsel to prepare diligently for motions and/or trial.

   Another common reason for a continuance request is counsel's schedule and work in other cases. The movant should discuss the nature of the case at hand, the amount of preparation already invested into the case, and the amount of additional preparation still needed. The movant should address whether new counsel "would unreasonably deny the defendant or the Government continuity of counsel." 18 U.S.C. § 3161(h)(7)(B)(iv). The motion also should include the following details about the other proceedings: the nature, complexity, venue, location, any conflicting dates, expected length, and when the other proceedings were first scheduled for the conflicting dates, if any.

   The unavailability of a witness is another reason often given for a continuance. Besides the nature of the case and its stage of preparation, the motion should state plainly the reason for unavailability, the expected length of unavailability, and the date that unavailability was first learned. The motion needs to disclose the significance of the witness to the

---

is likely to result from it. Such detail is particularly important here when the defendant requests a continuance of 90 days.

8

proceeding and the possibility of presenting the witness at another time.

The court does not intend the above to be an exhaustive or exclusive listing of factors and inquiries involved in requests for ends of justice continuances. The above, however, should offer counsel more insight into the specific and detailed reasons and information procedurally required to sustain court findings for such continuances. The Tenth Circuit in *Toombs* is emphatic that "conclusory statements" are inadequate and that a court needs to inquire into "the nature, extent . . . [and] quantity of the new evidence" and into "the amount of time needed." 574 F.3d at 1273. The court hopes this order encourages motions that include this information in the first instance.

The court gives the defendant ten days to supplement his continuance motion with the information requested above.

IT IS THEREFORE ORDERED the defendant's motion to continue motions hearing and trial (Dk. 11) remains pending, as the defendant is provided ten days to supplement his motion with additional relevant information meeting the factors and inquiries set forth herein.

Dated this 10th day of March, 2010, Topeka, Kansas.

                                          s/ Sam A. Crow
                                          Sam A. Crow, U.S. District Senior Judge